931 So.2d 347 (2006)
In re Edward Eugene SUMPTER.
No. 2006-B-0576.
Supreme Court of Louisiana.
June 2, 2006.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Edward Eugene Sumpter, an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS
In May 2000, Monica Daigle Dowden retained respondent to file a Chapter 7 bankruptcy proceeding. Ms. Dowden paid respondent $750 plus $200 for court costs. Respondent instructed Ms. Dowden not to pay any bills she did not intend to reaffirm *348 or debts that were to be discharged. In January 2001, respondent presented Ms. Dowden with the bankruptcy petition for her signature. Thereafter, respondent had little or no contact with his client until she called him in October 2001 requesting a status report on her bankruptcy. Respondent informed Ms. Dowden that her bankruptcy petition had not been filed because the court now required additional documents. Ms. Dowden completed and signed new forms in November 2001. In January 2002, respondent informed Ms. Dowden the bankruptcy petition had been filed. In February 2002, Ms. Dowden began trying to contact respondent for a status report; however, respondent failed to return her calls. In March 2002, Ms. Dowden learned that respondent never filed her bankruptcy petition.
In response to the complaint Ms. Dowden filed with the ODC, respondent admitted that he neglected the bankruptcy matter. Respondent also accepted responsibility for failing to keep Ms. Dowden informed of the status of her bankruptcy. However, he indicated that he became depressed after his father passed away in July 2000, and that by September 2001, he had shut down his private law practice altogether.[1] Respondent expressed his remorse, offered Ms. Dowden an apology for his wrongful handling of her bankruptcy, and indicated he wished to make restitution to Ms. Dowden.[2]
In December 2004, respondent, through his attorney, paid Ms. Dowden $950 in restitution.

DISCIPLINARY PROCEEDINGS
Following its investigation, the ODC filed one count of formal charges against respondent, alleging his conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee), 1.15(c) (commingling client funds with the lawyer's own funds), 1.16(a) (declining or terminating representation), 1.16(d) (obligations upon termination of the representation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent was served with the formal charges via certified mail delivered on April 23, 2004. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee *349 written arguments and documentary evidence on the issue of sanctions.
Respondent initially filed nothing for the hearing committee's consideration, and on December 13, 2004, the hearing committee recommended that respondent be suspended for one year and one day, with six months deferred, subject to one year of supervised probation and full restitution. On December 29, 2004, respondent filed with the disciplinary board a motion to remand for an opportunity to introduce evidence in mitigation and an objection to the hearing committee's proposed discipline. The board panel chair granted respondent's motion and remanded the matter to the hearing committee to receive evidence in mitigation. Thereafter, both parties submitted written arguments and documentary evidence for the committee's consideration.
Respondent argued that his admitted misconduct was probably due to the depression he suffered following his father's death as well as other personal and medical problems. While the ODC did not challenge respondent's description of his personal, financial, physical, and emotional problems, it argued that respondent does not show how these problems caused him to fail to fulfill his responsibilities to Ms. Dowden.

Hearing Committee Recommendation
After reviewing the submissions of respondent and the ODC, the hearing committee made factual findings as follows:
Ms. Dowden retained respondent to handle her bankruptcy in May 2000. He advised her not to pay any bills that she did not intend to reaffirm. He collected from Ms. Dowden $750 in fees and $200 in court costs. Respondent prepared the pleadings but did not have Ms. Dowden sign them until January 2001. Thereafter, respondent had virtually no contact with Ms. Dowden. He also failed to timely file the pleadings. Pursuant to respondent's instructions, Ms. Dowden did not pay certain bills. Eventually, she defaulted on her student loans and had her paycheck garnished by a creditor who obtained a default judgment against her. In October 2001, Ms. Dowden contacted respondent for a status report on her bankruptcy and to discuss the adverse judgment. Respondent informed her that the bankruptcy had not been filed, that she needed to sign new pleadings, and that he would file the bankruptcy immediately thereafter. Again, he failed to file the pleadings and failed to communicate with Ms. Dowden.
Essentially, respondent failed to timely file Ms. Dowden's bankruptcy pleadings. He was advised of his failure but again knowingly failed to file the pleadings. He accepted, commingled, and failed to timely return the fees and costs paid by Ms. Dowden. He also failed to keep Ms. Dowden informed of the status of her legal matter, and failed to properly and timely withdraw from the representation. Ms. Dowden suffered financial harm because of respondent's conduct.
Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. He violated duties owed to his client and as a professional. He acted knowingly and caused harm to his client. Relying on the ABA's Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is a period of suspension.
In mitigation, the committee found respondent suffered from numerous personal problems. It recognized respondent attempted to make restitution and stands ready to make restitution. It further found respondent has no prior history of ethical violations. Finally, it noted respondent is practicing only as an assistant district *350 attorney and has no civil practice. The only aggravating factor found by the committee was vulnerability of the victim.
Considering the circumstances, the committee recommended that respondent be suspended from the practice of law for a period of one year and one day, fully deferred, subject to one year of supervised probation with conditions.[3]
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After reviewing this matter, the disciplinary board determined that the factual allegations of the formal charges were proven by clear and convincing evidence. The board agreed that respondent violated the Rules of Professional Conduct as charged, with the exception of Rule 1.15(c), as to which there is no factual basis.
Based on these findings, the board determined that respondent violated duties owed to his client and as a professional. Respondent acted knowingly and caused harm to his client, depriving her of her funds during his period of inaction, delaying her legal matter nearly two years, and requiring her to hire other counsel to handle her bankruptcy. The board determined that the baseline sanction is a period of suspension according to the ABA's Standards for Imposing Lawyer Sanctions.
The board adopted the aggravating and mitigating factors found by the committee and agreed that the baseline sanction is a suspension for one year and one day. The board also agreed that the suspension should be deferred in light of the significant mitigating factors and considering that the misconduct was not the result of a dishonest or selfish motive.
Accordingly, the board recommended that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to one year of unsupervised probation[4] with the conditions recommended by the hearing committee.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In the instant case, the underlying facts are undisputed. The record establishes respondent neglected Ms. Dowden's bankruptcy matter, failed to communicate with her, misled her as to the status of the *351 bankruptcy on one occasion, failed to refund the unearned fee, and failed to withdraw from the representation when he closed down his private practice. In acting as he did, respondent violated Rules 1.3, 1.4, 1.5(f)(6), 1.16(a)(d), 8.4(a), and 8.4(c).
Having found professional misconduct, the sole remaining issue presented for our consideration is the appropriate sanction for respondent's misconduct. In imposing a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The hearing committee and disciplinary board correctly determined that the baseline sanction for respondent's misconduct is a period of suspension. The sole aggravating factor present is vulnerability of the victim. By contrast, we recognize several mitigating factors, including absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems, character or reputation, and remorse.
Considering the totality of the facts, we conclude a suspension from the practice of law for a period of one year and one day is the appropriate sanction for respondent's misconduct. However, in view of the significant mitigating factors, we will defer this suspension in its entirety, and place respondent on one year of unsupervised probation subject to the conditions recommended by the hearing committee.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Edward Eugene Sumpter, Louisiana Bar Roll number 21152, be suspended from the practice of law in Louisiana for a period of one year and one day. This suspension shall be deferred in its entirety, subject to respondent's successful completion of a one-year period of unsupervised probation governed by the conditions set forth in the hearing committee's report. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] Respondent now works as an assistant district attorney prosecuting misdemeanors for the Calcasieu Parish District Attorney's Office.
[2] In his April 2002 response to Ms. Dowden's complaint, respondent said that he would send the ODC a $950 money order for Ms. Dowden; however, the ODC instructed respondent not to send the money order to its office. When respondent asked if it was permissible for him to send the money order directly to Ms. Dowden, the ODC informed him it could not provide him with legal advice.

Later, in its written arguments filed in response to the deemed admitted order, the ODC argued that respondent's offer to refund the fees and costs to Ms. Dowden by money order, instead of a trust account check, indicated he had commingled his own funds with Ms. Dowden's funds in violation of Rule 1.15(c). As the disciplinary board correctly noted, the ODC makes an assumption on this point which is not supported by the evidence.
[3] The conditions recommended by the committee were as follows:

1. During the probation period, respondent be treated and monitored by an appropriate care provider for his physical and mental problems;
2. During the probation period, respondent refrain from and be precluded from maintaining a civil practice;
3. Respondent make full restitution with interest; and
4. Respondent pay all costs associated with these proceedings.
[4] The board noted that a practice monitor is not necessary because respondent's current employer, the Calcasieu Parish District Attorney's office, expressed a willingness to oversee respondent's compliance with the conditions of probation.